a greater joy by far than having untold wealth, accompanied by pain, illness, or disease.

On consideration of the nature of plaintiff's injuries, his inability to work, the crushing of the bones of the pelvis, and other injuries outlined in the record, we do not believe that the verdict was excessive.

For the reasons indicated, the judgment will be reversed, and the cause remanded to the common pleas court for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

VICKERY, P. J., and LEVINE, J., concur.

THE STATE, EX REL. BECKMAN, *v.* BOWMAN ET AL.

238

(Decided December 8, 1930.)

*Mr. Charles H. Elston,* for relator.
*Mr. John D. Ellis,* city solicitor, for respondents.

HAMILTON, J. This is an original action in mandamus. The case is presented on an amended petition in mandamus and a general demurrer interposed thereto, which challenges the amended petition as presenting a cause of action.

The relator sets up the establishment of a police relief fund in the city of Cincinnati, and asserts that the defendants constitute the board of trustees of the fund. He further sets up the establishment of the fund under the laws of Ohio, and alleges that he was duly appointed and qualified as a substitute patrolman in the police department of Cincinnati on September 10, 1903, and continued to act as a member of the police department as a regular patrolman and detective until March 20, 1925, when he was suspended on the charge of ''conduct unbecoming a member of the police force;'' the specifications of the charge being:

''Having been indicted by the Federal Grand Jury for a violation of the law, the full specifications of which at present are unknown and the evidence of

which will be furnished after such time as the defendant is tried in the Federal Court."

The relator states that the suspension continued until April 23, 1925, when he was discharged from the police department by the director of public safety of the city of Cincinnati. He alleges that the specifications of the order of discharge were: "Having been indicted by the Federal Grand Jury for a violation of law and found guilty."

The relator then alleges that on March 9, 1925, he, among others, was indicted by the federal grand jury of the Southern District of Ohio for violating Section 37 of the United States Penal Code; said cause being No. 3799 on the dockets of said federal court. The relator alleges that on April 22, 1925, he entered a plea of guilty to said charge and was sentenced for a period of thirty days in the Darke county, Ohio, jail.

Section 37 of the Penal Code of the United States (Title 18, Section 88, U. S. Code) is what is commonly known as the conspiracy statute, and reads:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

It will be noted that there is no allegation that the federal indictment and plea of guilty, above set out, was the federal indictment referred to in the specification of the order of discharge. However, the case was argued by counsel as if that was the viola-

tion referred to in the specification of discharge, and we will so consider it.

The relator further sets up in the petition a copy of Section 45 of the rules and regulations providing for the handling and distribution of the police relief fund of the city of Cincinnati. That section is as follows:

"Any member of the Police Department who has served fifteen consecutive years, who is discharged for any offense other than dishonesty, cowardice or being convicted of a felony, shall, upon the approval of the Board of Trustees of the Police Relief Fund, be paid a pension from said fund equal in amount to $2.00 per month for each year of consecutive service, provided the pension under this rule shall in no case be more than $50.00 per month."

The relator then pleads his dismissal and his application to the members of the board of trustees for the payment of the pension, as authorized by the rules and regulations, which was denied. He alleges that at no time during his service as a member of the police department was he discharged from such service by reason of dishonesty, cowardice, or because of being convicted of a felony, and claims the benefits under the fund.

The defendants demur to the petition as above stated.

It is therefore admitted that the relator was not discharged from the police department because of dishonesty or cowardice. The phrase, "or because of having been convicted of a felony," under the allegations of the petition, pleads a legal conclusion. The question then is: Is the relator barred from participating in the police relief fund by reason of his

conviction and his plea of guilty and sentence under the federal indictment of March, 1925, in case No. 3799, under Section 37 of the Penal Code of the United States?

If the offense pleaded is a felony within the meaning of Section 45 of the rules and regulations providing for the handling and distribution of the police relief fund, the relator is barred from participating in the relief fund.

If, as claimed by the relator, the offense is but a misdemeanor, then he would be entitled to the benefits provided for in Section 45.

Section 335 of the United States Penal Code (Title 18, Section 541, U. S. Code) provides:

"All offenses which may be punished by death or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

In the case of *Joplin Mercantile Co.* v. *United States,* (C. C. A.), 213 F., 926, on page 935, Ann. Cas., 1916C, 470, the court says:

"It follows as the offense of conspiracy may be punished by imprisonment for not more than two years, Penal Code, Section 37, the offense here charged was a felony."

Two points are made in the oral argument by counsel for the relator to the effect that the sentence for a period of thirty days reduced the offense from a felony to a misdemeanor, and that the word "felony," used in Section 45 of the rules and regulations, meant a felony as defined by the laws of Ohio, which define it to be an offense punishable by imprisonment in the penitentiary, having reference to the Ohio Penitentiary.

Both of these propositions seem to us to be without merit.

The character of the offense is determined by the indictment and conviction, and not by the punishment which the court may give. The Penal Code, as above stated, provides: "All offenses *which may* be punished by * * * imprisonment for a term exceeding one year, shall be deemed felonies." It does not say "which are punished," etc. So that, when the relator was indicted by the federal grand jury, under Section 37, and pleaded guilty thereto, and was sentenced thereunder, he was convicted of a felony within the meaning of Section 45 of the rules and regulations governing the police relief fund.

The other proposition suggested by counsel would lead to this, that, notwithstanding a member of the police department of the city of Cincinnati might be indicted and convicted of a robbery in another state, and escape and return to duty, it would not bar him under the terms of Section 45. The section says, "who is discharged for any offense other than * * * being convicted of a felony." Certainly it has reference to the conviction of a felony in any jurisdiction, and the character of the offense must be construed under the laws of the jurisdiction where committed.

We are therefore of the opinion that the relator has not in the petition shown a right to participate in the benefits of the police relief fund under the provisions of Section 45 of the rules and regulations governing the same.

The demurrer is sustained, the writ refused, and the amended petition dismissed.

*Writ denied.*

Ross, J., concurs.